**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**RKR LEGAL**
Masih Kazerouni, Esq. (272148)
mk@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

*Attorneys for Plaintiff,*
Ignacio Ruiz

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGNACIO RUIZ, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF JOHN E. BOUZANE, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> I. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.;** <br><br> II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.; AND,** <br><br> III. **NEGLIGENCE** <br><br> **JURY TRIAL DEMANDED** |

///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff IGNACIO RUIZ ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant LAW OFFICES OF JOHN E. BOUZANE with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**                                    PAGE 1 OF 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"); and, (iii) Negligence.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the Parties reside in this judicial district; and, (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

12. At all times relevant, Defendant conducted business within the State of California.

---

**COMPLAINT FOR DAMAGES**                                              PAGE 2 OF 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## PARTIES

13. Plaintiff is a natural person who resides in the County of Orange, State of California from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3); and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collection law firm operating from the County of San Bernardino, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

17. The alleged debt at issue herein was incurred as the result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

///

///

---

**COMPLAINT FOR DAMAGES**                                        PAGE 3 OF 10

20. Sometime prior to 2007, Plaintiff is alleged to have incurred certain financial obligations to the original creditor that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

21. Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt at some point thereafter. At all times, Plaintiff has, and continues to, dispute the validity of said debt.

22. Subsequently, but before 2008, the alleged debt was assigned, placed, or otherwise transferred to Defendant to engage in collection activity.

23. In this regard, Defendant filed a lawsuit against two different consumers, Ignacia Ruiz; and, Rachel Ruiz, court case no.: 30-2007-00033241 in the Superior Court of Orange County (the "Collection Action").

24. Thereafter, Defendant lodged a Proof of Service of Summons in the Collection Action on January 3, 2008.

25. Said Proof of Service of Summons established service upon an Ignacia Ruiz at an address on Washington Avenue in Huntington Beach, CA.

26. Ultimately, Defendant obtained a default judgment against Ignacia Ruiz in the amount of $5,235.18.

27. As stated above, Plaintiff is Ignacio Ruiz, as opposed to Ignacia, and has never lived at the address on Washington Avenue.

28. Moreover, Plaintiff has never met Ignacia Ruiz or Rachel Ruiz and did not incur the alleged debt at issue in the Collection Action.

29. Despite neither a relation to any Parties in the Collection Action nor any liability for the alleged debt at issue therein, Defendant began garnishing Plaintiff's wages on September 2, 2015.

30. To date, Defendant has garnished $3,169.57 even though Plaintiff was not a party to the Collection Action nor the subject of the default judgment.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

COMPLAINT FOR DAMAGES

31. Upon receiving notice of the garnishment, Plaintiff immediately began investigating the cause of said garnishment.

32. Subsequently, Plaintiff determined that Defendant was responsible for the garnishment and requested Defendant immediately cease the garnishment and return Plaintiff's funds.

33. Even though Plaintiff provided Defendant sufficient information to determine that Plaintiff was not Ignacia Ruiz, the target of the Collection Action, Defendant rejected Plaintiff's request and continued garnishing Plaintiff's wages.

34. Thereafter, Plaintiff was forced to endure the embarrassment of disclosing the garnishment to Plaintiff's employer in an effort to obtain assistance in ending Defendant's illegal conduct.

35. In this regard, Plaintiff's employer also contacted Defendant in an effort to reverse the garnishment.

36. As before, Defendant disregarded the information provided by Plaintiff's employer and continued garnishing Plaintiff's wages while refusing to refund the monies illegally taken from Plaintiff.

37. Later, Plaintiff retained the services of Masih Kazerouni, Esq. of RKR Legal to remedy the illegal garnishment.

38. After a lengthy conversation with Defendant on December 7, 2015, Mr. Kazerouni was informed that Defendant again refused to return the funds illegally garnished by Defendant and would continue taking Plaintiff's money until the judgment was satisfied.

39. As a result of these failed efforts, Mr. Kazerouni requested the assistance of Plaintiff's current counsel, the Kazerouni Law Group, APC and Hyde & Swigart.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

40. Plaintiff's counsel, Matthew M. Loker, Esq., sent Defendant an e-mail on December 29, 2015 further explaining the situation and demanding return of Plaintiff's illegally garnished funds.

41. Shortly thereafter, Kelly, a Collection Supervisor and Office Manager for Defendant's office, responded to Mr. Loker's message with a promise to return Plaintiff's funds and end the garnishment.

42. Despite this promise, Defendant only returned $1,975.20 of the $3,169.75 garnished by Defendant.

43. On several occasions thereafter, Mr. Loker attempted to obtain the remaining funds on behalf of Plaintiff. However, these messages were disregarded and unreturned by Defendant.

44. As of the date of filing this Complaint, Defendant still refuses to return the remaining $1,194.55 illegally garnished by Defendant from Plaintiff.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

48. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by taking an action that cannot legally be taken. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

49. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect monies not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

50. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

51. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) through the collection of an amount that was not expressly authorized by the agreement creating the alleged debt or permitted by law. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

52. As a result of the illegal conduct described herein, Plaintiff has suffered severe emotional distress which was exacerbated by the holiday season and defaulted on a number of accounts.

53. Therefore, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant violated 15 U.S.C. §§ 1692d; 1692e; 1692(e)(2)(A); 1692e(5); 1692e(10); 1692f; and 1692f(1). In addition, Defendant's collection activity also violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

**[AGAINST ALL DEFENDANTS]**

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

**[AGAINST ALL DEFENDANTS]**

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

59. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## COUNT III

### NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the FDCPA and RFDCPA. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

62. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the FDCPA; and, the RFDCPA.

63. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

64. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

65. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff;
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof as to the Third Cause of Action against Defendant; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 24, 2016                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF