**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**RKR LEGAL**
Masih Kazerouni, Esq. (272148)
mk@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Ignacio Ruiz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAW OFFICES OF JOHN E. BOUZANE,<br><br>　　　　Defendant. | **Case No.:** CV16-323 FMO (MRWx)<br><br>**PLAINTIFF IGNACIO RUIZ'S OBJECTION TO DEFENDANT LAW OFFICES OF JOHN E. BOUZANE'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>**DATE:** August 18, 2016<br>**TIME**: 10:00 a.m.<br>**COURTROOM:** 22<br><br>**HON. FERNANDO M. OLGUIN** |

///
///
///

## I. INTRODUCTION

Plaintiff IGNACIO RUIZ ("Plaintiff") hereby submits the following objections to Defendant LAW OFFICES OF JOHN E. BOUZANE's ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 14].

## II. ARGUMENT

In obtaining admission to practice before the United States District Court, Central District of California, attorneys are required to state the following in pertinent part:

> I declare under penalty of perjury that...I am familiar with the **Court's Local Civil** and Criminal Rules, the Federal Rules of Civil and Criminal Procedure, and the Federal Rules of Evidence (emphasis added).

*See* Application for Admission to the Bar of the Central District of California available at http://apps.cacd.uscourts.gov/baradm/prerequisites.aspx

Despite this affirmation, Defendant's Motion to Dismiss fails to comply with numerous Local Rules that govern in the Central District of California. Based upon the discussion herein, Defendant's Motion to Strike should be struck because (A) Defendant failed to meet and confer prior to filing Defendant's Motion in violation of Local Rule 7-3; and, (B) Defendant failed to attached a Proposed Order as required by Local Rule 7-20.

### A. DEFENDANT FAILED TO ENGAGE IN THE CONFERENCE OF COUNSEL AS REQUIRED BY LOCAL RULE 7-3.

Pursuant to Local Rule 7-3, seven days prior to the filing of a Motion, "[c]ounsel contemplating the filing of a motion shall first contact opposing counsel to discuss **thoroughly,** *preferably in person*, the substance of the contemplated motion and any potential resolution (emphasis added)." Moreover,

> [i]f the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
> This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).

*Id.*

Here, Defendant's Notice of Motion fails to comply with L.R. 7-3 for two reasons. First, Defendant's Notice of Motion does not include the required statement stating the date of the required Conference of Counsel. Second, and even more troubling, this mandatory statement does not appear in Defendant's Notice of Motion because Defendant failed to contact any of Plaintiff's counsel to discuss the substance of Defendant's Motion. As such, Plaintiff's counsel was deprived of the opportunity to consider Defendant's Motion and discuss Defendant's contentions with Plaintiff. Thus, Defendant's Motion should be struck for due to Defendant's failure to comply with L.R. 7-3.

Various judges within the Central District of Attorney have upheld the importance of the Conference of Counsel as required by Local Rule 7-3 in striking a number of impermissibly filed Motions. *See, e.g., Memory Card Int'l v. St. Paul Fire & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 101552 (C.D. Cal. July 18, 2013), SACV121-316 DOC (ANx) (Failure to comply with L.R.-7-3 constitutes a "procedural reason for denying the Motion"); *Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661 (9th Cir. Cal. 2006) ("the first two Motions were struck for failure to comply with Local Rule 7-3..."); *Zand v. Mandarich Law Group, LLP*, Docket No.: SACV13-684 JVS (JCGx) (C.D. Cal. July 16, 2013) ("The parties met and conferred on June 18, 2013, only one day before Defendant filed the motion. Accordingly, because the parties failed to properly meet and confer at least seven days before Defendant filed the motion, the motion is ordered off the July 22, 2013 calendar.");[1] and, *Maghen v. Macy's Corporate Services,*

---

[1] A true and correct copy of Judge Selna's Order Vacating Motion for Judgment on the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Inc.*, Docket No.: CV14-4874 MMM (PLAx) ("As noted in Plaintiff's objection filed on 08/20/2014 [15], defendant failed to comply with Local Rule 7-3, which requires that the parties meet and confer in advance of filing motions. Consequently, the court strikes the motion to dismiss and directs the defendant to comply with Local Rule 7-3 before the filing of any motion .[2]

Based upon the discussion above, Plaintiff requests this Court strike Defendant's Motion until Defendant has complied with the Local Rules 7-3.

### B. DEFENDANT FAILED TO SUBMIT A PROPOSED ORDER AS REQUIRED BY LOCAL RULE 7-20.

A separate proposed order shall be lodged with any motion or application requiring an order of the Court... *See* Local Rule 7-20. Upon review of Defendant's Motion, it is readily apparent that Defendant has also failed to comply with Local Rule 7-20 by refusing to lodge a proposed order with this Court. Thus, Plaintiff requests this Court strike Defendant's Motion until Defendant has complied with the Local Rules 7-20.

### III. CONCLUSION

Plaintiff respectfully requests this Court strike Defendant's Motion for failure to comply with the Local Rules discussed herein.

Dated: May 7, 2016                                          Respectfully submitted,

                                                       **KAZEROUNI LAW GROUP, APC**

                                                       By:    /s/ Matthew M. Loker
                                                              MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF

---

Pleadings is attached to the Declaration of Matthew M. Loker as Exhibit 1.

[2] A true and correct copy of Judge Morrow's Order Striking Motion to Dismiss is attached to the Declaration of Matthew M. Loker as Exhibit 2.